IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

HIRAM RASOOL ABIFF, COLLEEN E.
ABIFF, SIMBA SALAAM ABIFF, et. al.

     Plaintiffs,

v.

HOVIC, HOVENSA, PDVSA,
VI LEGISLATURE, GOV'T OF THE VI,

     Defendants.

Civil Action No. 05-61

**OPINION GRANTING DEFENDANTS' MOTION TO DISMISS**

APPEARANCES:

Hiram Abiff
 *Pro se* Plaintiff

Henry Feurzeig, Esq.
 For Defendant HOVIC

Tamika Archer, Esq.
Carol Thomas-Jacobs, Esq.
 For Defendant Virgin Islands Government

Yvonne Tharpes, Esq.
Augustin Ayala, Esq.
 For Defendant Virgin Islands Legislature

I.  INTRODUCTION

On April 6, 2005, Hiram Rasool Abiff, Colleen E. Abiff and Simba Salaam Abiff, plaintiffs, filed the Complaint as a Class Action against defendants HOVIC, HOVENSA, PDVSA, V.I. Legislature, and Government of the Virgin Islands, alleging that Plaintiffs' Due process and Equal Protection Rights under the Constitution were violated on April 26, 1996 when the Governor of the Virgin Islands at that time, Roy Lester Schneider, approved a renewal of a Lease of Submerged Lands executed in 1976 between the Government and Hess Oil V.I. Corp. ("HOVIC") without having submitted the lease to the Legislature for ratification pursuant to 31 V.I.C. §205 or 12 V.I.C. §911. Plaintiffs seek injunctive and declaratory relief and damages.

II.  BACKGROUND

On October 15, 1976 the then Governor of the Virgin Islands, Cyril E. King, entered into a lease agreement with the President of HOVIC for 63.37 U.S. acres of "reclaimed submerged lands." Section 2 of the lease provides for a twenty-year term, "subject to the Lessee's option to renew said lease for four additional 20-year terms at 20-year intervals."

On September 29, 1976, the Eleventh Legislature of the Virgin Islands passed Resolution No. 832 (Bill No. 7223) 1976 Sess. Laws. 346-347. Resolution 832 ratified the HOVIC lease as required by 31 V.I.C. §205(c) Renewal and Extension Submerged Lands Permits Nos. 3, 23 and 52 and Ratified Submerged Lands Permit 167 for HOVIC's occupancy and development of the filled lands in question pursuant to 12 V.I.C. Chapter 15 Virgin Islands Code (1976), the predecessor statute to the V.I. Coastal Zone Management Act.

On October 5, 1975 Congress had enacted Public Law 93-436 which "subject to valid

2

existing rights, all right, title and interest of the United States" in certain submerged lands were conveyed to the Government of the Virgin Islands to be administered in trust for the benefit of the people thereof. The Virgin Islands enacted the law in 1978, to be effective February 1979. The lease between the Virgin Islands and HOVIC to which reference is made above had been entered into on October 16, 1976, prior to the effective date of this legislation.

In a letter dated April 15, 1996 from Leon Hess, President of HOVIC to the then Governor of the Virgin Islands, Dr. Roy L. Schneider, he advised that "We hereby exercise the option set forth in Section 2 of the Lease dated October 16, 1976 between the Government of the Virgin Islands and Hess Oil Virgin Islands Corp. to renew such Lease." In response, the Governor affixed his signature to the bottom of the Leon Hess letter to him and added the following: "The above referenced renewal of Lease is confirmed and agreed to on the same terms and rental fee as set forth in the original Lease."

Plaintiffs assert that before the April 15, 1996 renewal could be effective, it must be approved by the legislature, and since that process did not occur, the lease is invalid.

Oral argument was held on November 29, 2007 and September 10, 2008 regarding the following motions and responses thereto:

1. HOVENSA's Motion to Dismiss, filed July 18, 2005 pursuant to Fed. R. Civ. P. 12(b)(4), (4)(a) and (m), for insufficiency of process because plaintiffs did not perfect service on HOVENSA until Four Hundred Fifty (450) days after the filing of the Complaint. (Docket No. 13)

2. Plaintiffs' "Motion in Opposition for Summary Judgment," filed August 2, 2005. (Docket No. 22)

3

3. Plaintiffs' "Motion for Amended Complaint" [*sic*], filed August 2, 2005 to reflect PDVSA VI as a defendant. (Docket No. 23)

4. HOVIC's Motion to Dismiss, filed August 21, 2006, pursuant to Fed. R. Civ. P. 12(b)(4), (4)(a) and (m), for insufficiency of process because plaintiffs did not perfect service on HOVIC until Four Hundred Eighty Three (483) days after the filing of the Complaint. (Docket No. 25, 26)

5. HOVENSA and HOVIC's Motion to Strike Plaintiffs' Pleadings (Docket Nos. 22 and 23), filed August 29, 2006, for failure to comply with Fed. R. Civ. P. 5(a), 5(b)(1), 5(d) and LRCi 7.1(h). (Docket Nos. 27, 28)

6. Plaintiffs' Opposition to Motion to Dismiss, filed March 15, 2007. (Docket No. 35)

7. Government's Motion to Dismiss, filed March 30, 2007, for insufficiency of process, lack of standing, barred by statute of limitations, and failure to state a federal cause of action. (Docket No. 36)

8. Legislature's Motion to Dismiss, filed April 18, 2007, contending that the Court lacks subject matter jurisdiction for want of case or controversy, Plaintiffs' lack of standing, the claims are time barred, legislative immunity and the political question doctrines, and because Plaintiffs fail to state any claim for which relief can be granted. (Docket No. 39)

9. HOVENSA and HOVIC's Joinder in the Motions of the Government and the Legislature, filed April 20, 2007, contending Plaintiffs lack subject matter jurisdiction, the absence of a justiciable case or controversy, lack of standing, the

lack of ripeness and failure to state a claim upon which relief may be granted. (Docket No. 39)

10. Plaintiffs' "Motion in Opposing Defendant HOVENSA for Striking of Pleadings," filed April 23, 2007. (Docket No. 40)

11. HOVENSA and HOVIC's Reply to Plaintiffs' Opposition to Motion to Strike, filed May 11, 2007. (Docket No. 42)

12. Plaintiffs' Opposition to Government of V.I. Motion to Dismiss, filed May 14, 2007. (Docket No. 44)

13. Plaintiffs' "Motion Opposing Defendant V.I. Legislature's, Govt of the V.I. Defendants 'The Refinery' Joint Motion for Summary Judgment," filed May 17, 2007. (Docket No. 46)

14. HOVENSA and HOVIC's Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, filed May 31, 2007. (Docket No. 47)

15. Defendant Legislature's Reply to Plaintiffs' Opposition to Legislature's Motion to Dismiss, filed June 8, 2007. (Docket No. 51)

16. Plaintiffs "Reply to 'The Refinery Defendants', Joint Motion of Defendants Govt of the V.I., and V.I. Legislature Opposition to Plaintiffs Motion in Opposition to Dismiss Complaint at Bar" [sic], filed June 21, 2007. (Docket No. 53)

17. HOVENSA and HOVIC's Motion to Strike Plaintiffs' Surreply, filed June 27, 2007. (Docket No. 53)

III.    STANDARD OF REVIEW

A party may bring a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and may also bring a motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the matter, the Court must accept as true all material allegations set forth in Plaintiffs' Complaint and must construe those facts in favor of the non-moving party. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003). When evaluating a motion to dismiss for lack of standing, the Court must look to whether the Plaintiffs have met their burden of showing that the elements of standing are supported by the facts of the matter. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

IV.    DISCUSSION

At the core of resolving this matter are the issues of whether Plaintiffs have established subject matter jurisdiction and whether Plaintiffs have stated a claim upon which relief may be granted. As such, the Court immediately looks to those issues.

    A.    *Subject Matter Jurisdiction*

Jurisdiction to have a matter heard in the federal courts system is limited to "actual cases or controversies." US Const. art. III, § 2. Within that requirement is the necessity that Plaintiffs establish that they have standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997). In order to establish Constitutional standing, the Plaintiffs must show that (1) an injury in fact has been suffered, an injury comprised of an invasion of a legally protected interest that is concrete and particularized and also actual or imminent; (2) there is a causal connection between the injury of the petitioner and the conduct allegedly performed by the respondents; and (3) rather than mere

6

speculation, it must be likely that the injury suffered will be redressed by a decision in favor of the petitioner. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (U.S. 1992). To establish standing, a petitioner must also assert that he suffered a particularized injury before relief may be attained by the power of the federal court system. *Russell v. de Jongh*, 2007 WL 45836 (D.V.I. Jan 2007).

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F. 3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12 (b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 188. (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12 (b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.")

Defendants contend that proper subject matter jurisdiction does not exist for this Court to decide the case. There have been no answers filed in this matter by any of the Defendants; thus their challenge to subject matter jurisdiction is facial, and as such, the Court will take all of the Plaintiffs' allegations as true in making the decision.

Looking to the Complaint, it is evident that Plaintiffs cannot satisfy the requirement that they have suffered an injury in fact. Plaintiffs set forth no elements of their Complaint that would arise under federal law and demand review by this Court.

Plaintiffs allege that their due process rights were violated when HOVIC exercised the

renewal of the 1976 lease because the Legislature did not ratify the renewed agreement. While the Fourteenth Amendment prohibits states from depriving any one of "life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws," Plaintiffs have listed no claim in their Complaint that would be in violation of that Constitutional provision. *See* U.S. Const. amend. XIV, § 1. There is no property interest on the part of Plaintiffs in the land that is in question in this matter, nor is there an injury shown that has been suffered by Plaintiffs as a result of the dealings between Defendants. As the lease renewal was simply an extension of the original 1976 agreement, no additional hearings or considerations were necessary to protect the interests of Plaintiffs.

Further, there is no case or controversy between the parties of this case. Plaintiffs cannot show a personal stake in the outcome of this case that is in need of a decision by this Court. *See Baker v. Carr*, 369 U.S. 186, 294 (1962). Here, no legal interests exist between the parties.

Plaintiffs' Complaint does not provide the sufficient factual allegations required to invoke subject matter jurisdiction, and as such, the Court holds that the matter must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

B. *Failure to State a Claim Upon Which Relief May Be Granted*

When considering a motion to dismiss pursuant to Rule 12 (b)(6), all material allegations in the complaint are taken as admitted, and the Court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*,

509 U.S. 764, 810 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." *Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003).

Plaintiffs' Complaint has failed to set forth any valid federal cause of action upon which relief may be granted. Plaintiffs have attempted to challenge the legitimacy of the 1996 lease renewal, claiming that it should have been subject to renewed ratification by the Legislature. However, this question is one of local law pertaining to legislative measures and does not fall within the purview of the federal courts. Plaintiffs' Complaint clearly notes that the lease, first executed in 1976, bore the option to renew "for a total of 100 years." *See Plaintiffs' Complaint* at 2-3, 7. That lease was completely approved by the Legislature. Thus Plaintiffs do not have any legal basis for their claim that the 1996 lease would require renewed approval.

While Plaintiffs recognize in their Complaint that the lease between HOVIC and the V.I. Government was executed in 1976 for a twenty year term, renewable for a total of 100 years, they ignore that fact in claiming now that the 20 year expiration of the first portion of the lease would then require a new approval of the lease. When the lease was originally approved by the V.I. Legislature, it was approved for the full 100 years. No conditions were put on renewal, and as such it may be renewed with no further approval for the full 100 year period.

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and thus the Court must dismiss this case.

V. CONCLUSION

For the reasons discussed above, this case is hereby dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. In view of the

9

Court's determination that Plaintiffs' Complaint lacks subject matter jurisdiction, the remaining motions by both Plaintiffs and Defendants are rendered moot and will be dismissed.

Dated: December 3, 2008

_____
HONORABLE STANLEY S. BROTMAN
United States District Judge
(Sitting by Designation)